**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 23-00198

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

JAMES EDWARD KNIGHTEN, JR.                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 42) filed by Defendant, James Edward Knighten, Jr. ("Knighten"). The United States filed a response in opposition. See Record Document 45. For the reasons set forth below, Knighten's Motion is **DENIED**.

**FACTUAL BACKGROUND**

On August 23, 2023, a federal grand jury returned an indictment charging Knighten with multiple drug and firearm offenses arising from a traffic stop conducted in Shreveport, Louisiana. See Record Document 1. Pursuant to a written plea agreement, Knighten pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). See Record Documents 22 & 24.

The original Presentence Investigation Report ("PSR") calculated a base offense level of 26, but counsel successfully objected, leading to a revised PSR with a base offense level of 24. See Record Documents 28, 29, & 31. Once subtracting three points for acceptance of responsibility, the total offense level was 21. See Record Document 31.

Counsel also filed a sentencing memorandum requesting a downward departure pursuant to U.S.S.G. § 4A1.3, arguing that Knighten's criminal history substantially overstated the seriousness of his criminal conduct and likelihood of recidivism because

much of his criminal history stemmed from substance abuse and mental health issues. See Record Document 30. The Court denied the requested departure and, on August 13, 2024, sentenced Knighten to 96 months' imprisonment, followed by three years of supervised release. See Record Documents 32–34. Knighten appealed his sentence, and the United States Court of Appeals for the Fifth Circuit affirmed. See Record Document 41.

On May 1, 2026, Knighten filed the instant Motion pursuant to 28 U.S.C. § 2255. See Record Document 42. Knighten asserts that his trial counsel rendered ineffective assistance at sentencing by (1) failing to request a continuance so that he could be sentenced under the Amendment 829 to U.S.S.G. § 5H1.1 concerning youthful offenders and (2) failing to argue that certain drugs attributed to him should have been excluded from the guideline calculation because they were allegedly intended for personal use. See Record Document 42-1 at 2–3.

## LAW AND ANALYSIS

### I.    Applicable Standards

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 102 S. Ct. 1584, 1592 (1982)). Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Section 2255 is not a substitute for direct appeal. See United States v. McGrew, 397 Fed. Appx. 87, 91 (5th Cir. 2010). Indeed, if a

claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." United States v. Scruggs, 691 F.3d 660, 666 (citation omitted).

In a § 2255 motion, a defendant may present four cognizable grounds, which include the following: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255; see also United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

## II.    Analysis

To prevail on a claim for ineffective assistance of counsel, Knighten must satisfy the two-part test established in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, the Court must first determine "whether counsel's representation fell below an objective standard of reasonableness. Then [the Court must] ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (internal citations and quotations omitted). The second prong focuses on whether counsel's deficient performance prejudiced the defense. See Strickland, 466 U.S. at 667.

Knighten first argues that counsel should have requested a continuance so that he would have been eligible for the § 5H1.1 policy statement. The 2024 version of the sentencing guidelines, which were not yet in effect at the time of Knighten's sentencing, includes a policy statement recognizing that "[a] downward departure … may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses."

U.S.S.G. § 5H1.1, p.s. (2024). The policy statement was intended to address offenders whose criminal conduct largely reflects youthful immaturity and developmental factors affecting individuals in their late teens and early twenties. Knighten does not fall within that category. His criminal conduct began when he was eighteen years old and continued well into adulthood, culminating in the instant offense when he was 34 years old. See Record Document 31. Moreover, even excluding his earliest convictions, Knighten would have remained in Criminal History Category VI. Accordingly, Knighten has failed to demonstrate any reasonable probability that a continuance would have resulted in a lower sentence.

Knighten next contends that counsel was ineffective for failing to argue that some of the drugs attributed to him were intended for personal use and therefore should not have been included in the guideline calculation. See Record Document 42-1 at 3. This argument likewise fails. Even if some of the drugs were for personal use, the Fifth Circuit has held that a sentencing court may consider the drugs possessed by a defendant for his personal consumption. See United States v. Clark, 389 F.3d 141, 142 (5th Cir. 2004) ("Accordingly, we join our sister circuits and hold that a district court may properly consider drug amounts intended for the defendant's personal use when calculating the base offense level for a defendant convicted of participating in a drug conspiracy."). Because this argument would have been meritless, counsel is not constitutionally ineffective for failing to raise it. See Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995). Therefore, this claim fails.

The record further demonstrates that counsel provided meaningful and effective representation throughout the sentencing proceedings. Counsel successfully objected to

the initial PSR, resulting in a reduction of Knighten's base offense level. See Record Document 29. Counsel also submitted a detailed sentencing memorandum advocating for a downward departure based upon Knighten's addiction, mental health history, and alleged overrepresentation of his criminal history. See Record Document 30. Although the Court ultimately rejected those arguments, the record reflects that counsel zealously advocated on Knighten's behalf. Therefore, Knighten failed to demonstrate either deficient performance or resulting prejudice under Strickland. Accordingly, Knighten is not entitled to relief under 28 U.S.C. § 2255.

**CONCLUSION**

Based on the reasons explained above, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 42) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of July, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT